FILED
United States Court of Appeals
Tenth Circuit

February 25, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JOE H. LUCERO JR.,

    Plaintiff - Appellant,

v.

HSBC BANK USA, N.A.,

    Defendant - Appellee.

No. 20-2031
(D.C. No. 1:19-CV-01110-JAP-LF)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McHUGH**, and **CARSON**, Circuit Judges.
_____

Joe H. Lucero Jr., proceeding pro se, sued HSBC Bank USA, N.A.

("HSBC Bank") in state court. HSBC Bank removed the suit to federal court based

on diversity of citizenship and then moved to dismiss the complaint. Mr. Lucero,

however, did not respond to HSBC Bank's motion. Pursuant to its local rule, the

district court considered the failure to respond as consent to grant the motion. It

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

therefore granted the motion to dismiss and dismissed the case without prejudice. Exercising jurisdiction under 28 U.S.C. § 1291,[1] we affirm.

Mr. Lucero's opening brief discusses various grievances against HSBC Bank and other persons involved in foreclosing on his house. But the brief does not address his failure to respond to the motion to dismiss or otherwise argue how the district court was wrong to grant the motion and close the case. We read the filings of pro se parties liberally. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). However, we "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.* An appellant must attack the district court's reasons for its decisions, and advancing other contentions "will not help the appellant if the reasons that were given by the district court go unchallenged." *Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015). While "[r]ecitation of a tale of apparent injustice may assist in [challenging the district court's decision], . . . it cannot substitute for legal argument." *Id.* Because Mr. Lucero's opening brief fails to address the district

---

[1] Although the dismissal was without prejudice, the decision is reviewable under § 1291 because the district court's order dismissed the case, not just the complaint. *See Moya v. Schollenbarger*, 465 F.3d 444, 449 (10th Cir. 2006) (recognizing that "a dismissal of the entire action is ordinarily final" (internal quotation marks omitted)).

Moreover, Mr. Lucero's notice of appeal was timely, even though it was filed 61 days after the decision, because the district court never entered a separate judgment under Fed. R. Civ. P. 58. *See* Fed. R. App. P. 4(a)(7)(A)(ii) (providing that when the district court does not enter a separate Rule 58 judgment, judgment is deemed entered 150 days after entry of the order appealed from); Fed. R. Civ. P. 58(c)(2) (same).

2

court's reasoning, we affirm the dismissal of the case. *See id.* at 1366, 1369; *Garrett*, 425 F.3d at 841.

HSBC Bank's motion to take judicial notice is denied as moot. The district court's judgment is affirmed.

Entered for the Court


Carolyn B. McHugh
Circuit Judge